IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SARAH F. RIFENBURG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-3088-SSA-CV-S-WAK |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Claimant Sarah Rifenburg seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. She asserts she became disabled on October 15, 2002, due to fibromyalgia and upper back and shoulder pain. The parties' briefs are fully submitted.

### Standard of Review

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability. . . . The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

The reviewing court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

the administrative determination.  Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

Substantial evidence is "relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion."  Young v. Apfel, 221 F.3d at 1068.  It is more than a scintilla of evidence, McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983), but is less than a preponderance of the evidence.  Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001).  The possibility of drawing inconsistent conclusions from the evidence does not prevent the Commissioner's finding from being supported by substantial evidence.  Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d at 282.  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian, 697 F.2d at 220.

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant.  McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

2

## Discussion

Claimant Sarah Rifenburg was born in 1959 and has a high school education.[2] She is 5 feet 5 or 6 inches tall and weighs between 200 and 240 pounds. She has no past relevant work experience, but worked part time for several years as a clerk at a golf course. She states her employer made accommodation for her disabilities.

She claims she is disabled due to pain and fatigue from fibromyalgia, and that her pain is worse during cold weather. She states she cannot sit for extended periods of time, can only walk short distances, works slowly at her own pace, and must rest between many of her household chores. She is able to cook, clean her house, drive the car, shop, do some gardening, visit with friends, attend church and otherwise engage in normal daily activities, but states she must limit the length of time she does those things or must alter the manner in which she does them.

Her medical records clearly show a diagnosis and treatment for fibromyalgia, with some muscle stiffness, decreased range of motion, fatigue and pain. She regularly takes prescription medication, and has periodically suffered from temporary conditions such as a fibula fracture, ankle sprain, muscle spasm and acute bouts of sinusitis and bronchitis.

After considering the medical records, the Administrative Law Judge (ALJ) found claimant had the impairments of fibromyalgia, morbid obesity and mild left hand weakness which were severe within the meaning of the Social Security Act. He noted she had a well-established diagnosis of fibromyalgia; a long history of morbid obesity which affected her ability to walk, stand, climb and lift heavy weights; and a mild weakness of her left hand. He recognized her treatment for other conditions, but concluded they were not severe within the meaning of the Act, and Rifenburg does not appear to challenge that conclusion.

Instead, Rifenburg asserts the decision of the ALJ is not supported by substantial evidence on the record as a whole. She states the ALJ should have given additional weight to an unsigned medical source statement that was clearly faxed from her physician's office and should have given more credence to her testimony and subjective complaints of pain.

---

[2]Plaintiff either completed the eleventh or twelfth grade of high school. At Tr. 273, she stated she had completed eleven grades, and at Tr. 301, she testified to having completed twelve grades.

3

The Commissioner responds that the ALJ properly considered and weighed the evidence, and there is ample and substantial evidence to support the decision. The ALJ acknowledged that claimant's impairments "could reasonably be expected to produce the alleged symptoms," but found that her complaints were not entirely credible with regard to the intensity, persistence and limiting effects. (Tr. at 18.)

The ALJ stated that claimant had a poor work history, suggesting a lack of motivation to work[3], and that she left her part-time position because the golf course closed and not because of her medical impairments. He concluded that some of her limitations in daily living were based upon life choices rather than dictated by her medical conditions.

Further, she had medical examinations by three separate specialists at the request of the Social Security Administration, and there is no clear evidence that any physician supported her claim for disability. The ALJ gave limited weight to the faxed medical source statement of Dr. Robinson, and carefully explained his reasons for doing so: the document was unsigned, did not have his name on it, and he declined to complete a second or third form when they were provided to him. Additionally, the information on the unsigned form appeared to have been based on plaintiff's subjective complaints rather than objective evidence.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972, (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605; Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (deference to ALJ's credibility determination appropriate if decision supported by good reasons and substantial evidence).

Likewise, "[t]he ALJ is required to assess the record as a whole to determine whether treating physicians' opinions are inconsistent with substantial evidence on the record. 20 C.F.R. § 404.1527(d)(2). 'A treating physician's opinion is generally given controlling weight, but is not inherently entitled to it.' Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006). See 20

---

[3]Claimant's highest annual income was reported at less than $5,500.

4

Case 6:07-cv-03088-WAK   Document 8   Filed 09/12/07   Page 4 of 5

C.F.R. § 404.1527(d)(2). An ALJ may elect under certain circumstances not to give controlling weight to treating doctors' opinions. A physician's statement that is 'not supported by diagnoses based on objective evidence' will not support a finding of disability. Edwards v. Barnhart, 314 F.3d 964, 967 (8th Cir.2003). If the doctor's opinion is 'inconsistent with or contrary to the medical evidence as a whole, the ALJ can accord it less weight.' Id.; see also Hacker, 459 F.3d at 937; 20 C.F.R. § 404.1527(d)(2). It is the ALJ's duty to resolve conflicts in the evidence. See Hacker, 459 F.3d at 936." Travis v. Astrue , 477 F.3d 1037, 1041 (8th Cir. 2007).

In this case, the ALJ has done so and this court may not make a de novo determination. The ALJ stated clear reasons for his findings, and there is substantial evidence in the record as a whole to support those findings. Good efforts were made to develop the record, plaintiff was given two hearings, and the ALJ does not appear to have erred.[4] The issue is not whether plaintiff was experiencing pain during the coverage period, which she clearly was, but how severe the pain was and whether it was disabling. Dolph v. Barnhart, 308 F.3d 876, 880 (8th Cir. 2002); Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. (2001); Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991).

After careful consideration of the record and the parties' briefs, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 12th day of September, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

---

[4] The court has considered the other grounds for reversal suggested by Rifenburg and has determined that no error occurred and further discussion is not warranted. Defendant addressed each issue in his brief.